UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMO LLC,<br>        Plaintiff,<br>  v.<br>UBER TECHNOLOGIES, INC., et al.,<br>        Defendants. | Case No. 17-cv-00939-WHA   (JSC)<br><br>**ORDER RE: WAYMO'S MOTION FOR RELIEF REGARDING CERTAIN DEPOSITIONS**<br><br>Re: Dkt. No. 1083 |

Fact discovery closes August 24, 2017. However, the Federal Circuit is not holding oral argument on Anthony Levandowski's appeal of the Court's order compelling disclosure of the Stroz Report until August 11, 2017. To complete all depositions by the discovery cut off, certain depositions must be taken before the Federal Circuit's ruling. Waymo thus asks that it be allowed to take the depositions of Soren Juelsgaard, Nina Qi, Cameron Poetzscher, Colin Sebern and Don Burnette in two steps. First, that it begin each deposition before the Federal Circuit ruling, and second, that it complete the deposition after the ruling and, if the ruling is affirmed, Uber's production of the Stroz Report and related documents. Waymo does not ask for extra time, only that its time be divided over two sessions.

Uber agrees that if the Federal Circuit affirms the Court's ruling, Waymo should be allowed to reopen the depositions to question the witnesses regarding matters raised by the newly-disclosed documents. However, it disputes that Waymo should be allowed to continue the depositions regardless of the Federal Circuit ruling; that is, if the Federal Circuit ruling does not lead to the disclosure of any new documents then it insists that the witnesses should not be put to the burden of a further deposition.

In the unique circumstances of this case the Court finds that these witnesses' depositions

should be split into two sessions: one before the Federal Circuit ruling and one after. These are critical witnesses and thus Waymo needs to triage how to allocate its seven-hours of deposition time per witness. Requiring Waymo to make that decision without knowing what documents will be available and what they might say is not consistent with the goals of civil discovery of avoiding trial by surprise. Given that moving the discovery deadline is not an option, splitting the depositions into two sessions is the next best option.

Doing so will not place an undue burden on these Uber witnesses as they agreed to sit for a further deposition session if the Court's ruling is affirmed and the withheld documents produced. Further, Waymo is not getting any extra time for their depositions so the amount of time in deposition does not change. Finally, Uber's suggestion that Waymo's questions be limited to areas raised by newly-disclosed documents will merely result in further disputes as to whether the questions are within the scope of the continued deposition. Accordingly, Waymo's motion is GRANTED.

This Order disposes of Docket No. 1083.

**IT IS SO ORDERED.**

Dated: August 8, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge